**Norberto CORONA GUTIERREZ, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73529.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Dec. 29, 2008.

Barbara J. Darnell, Howard R. Davis, Law Offices of Barbara J. Darnell, Los Angeles, CA, Arthur L. Rabin, U.S. Department of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Petitioner.

CAC–District Counsel, Ronald E. Lefevre, Office of The District Counsel Department Of Homeland Security, Los Angeles, CA, Julie M. Iversen, Mark C. Walters, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, RYMER, and TROTT, Circuit Judges.

MEMORANDUM **

Norberto Corona Gutierrez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Corona Gutierrez failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005).

Reviewing de novo, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003), we reject Corona Gutierrez's contention that the agency erred or violated due process in its cumulative analysis of hardship factors. It is evident from the IJ's decision that he weighed the factors both individually and cumulatively and that, considering all the relevant factors, concluded that Corona Gutierrez had not demonstrated the requisite hardship.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.